UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
---------------------------------------------------------  X
                                                           :
MICHAEL BROWN,                                             :
                                 Plaintiff,                :      MEMORANDUM DECISION
                                                           :      AND ORDER
                 - against -                               :
                                                           :      25-cv-1685 (BMC)
EDUARDO VALDEZ, CAPITAL GRIND                              :
LLC,                                                       :
                                                           :
                                 Defendants.               :
                                                           :
---------------------------------------------------------  X
```

**COGAN**, District Judge.

The lack of knowledge of the membership of a limited liability company or limited

partnership has at times caused an enormous waste of judicial and party resources when a party

purports to invoke diversity jurisdiction and later it turns out that there wasn't any.  As the

Seventh Circuit held in Belleville Catering Co. v. Champaign Market Place, LLC, 350 F.3d 691,

692-93 (7th Cir. 2003):

> Once again litigants' insouciance toward the requirements of federal jurisdiction
> has caused a waste of time and money. . . .  Counsel tells us that, because the
> lease between Belleville Catering and Champaign Market Place refers to
> Belleville Catering as "a Missouri corporation," he assumed that it must be one.
> That confesses a violation of Fed. R. Civ. P. 11. . . .  [C]ounsel must secure
> jurisdictional details from original sources before making formal allegations.

The Court sees no reason to take that risk here.

## BACKGROUND

Plaintiff brought this purported diversity action alleging he "was and still is a citizen of

the County of New York, State of New York"; that defendant Eduardo Valdez "was and still is a

citizen of the County of Philadelphia, State of Pennsylvania"; and that defendant Capital Grind

LLC "was and still is a limited liability company organized and existing under the laws of the

State of Pennsylvania." The only additional jurisdictional allegation in the complaint stated that Valdez "was and still is a member of defendant Capital Grind LLC."

I issued an Order requiring plaintiff to show cause why the case should not be dismissed for failing to adequately plead subject matter jurisdiction. Plaintiff responded by reminding the Court that Capital Grind "was organized and exists under the laws of the State of Pennsylvania" and that Valdez, a Pennsylvania citizen, "was and still is a member" of Capital Grind. "Therefore," he concluded, "diversity of citizenship exists, as Plaintiff is a citizen of New York and defendants are citizens of Pennsylvania."

Perhaps sensing his conclusion was premature, plaintiff then added that "[a]s far as [he is] aware, Defendant Eduardo Valdez is the sole member of Defendant Capital Grind LLC." He provided a certificate of organization indicating that Valdez was the sole member of Capital Grind and noted that no other publicly available documents shed light on Capital Grind's membership. He also added that, "[a]s the Court is aware," Capital Grind will soon file a disclosure statement naming its members, at which point "the Court will be able to confirm its foreign citizenship status."

## DISCUSSION

The pleading standard set forth by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), requires courts to ignore conclusory assertions and legal conclusions in assessing the sufficiency of a complaint. There seems little doubt that the same standard governing substantive allegations in a complaint also applies to jurisdictional allegations. See MidCap Media Fin., LLC v. Pathway Data, Inc., 929 F.3d 310, 314 (5th Cir. 2019) (concluding that because plaintiff is an "LLC, the pleadings needed to identify [plaintiff's] members and allege their citizenship"); Carter v. HealthPort

Techs., LLC, 822 F.3d 47, 60 (2d Cir. 2016) ("[T]he Complaint is deficient because it contains no allegation as to the identity or citizenship of [the defendant LLC's] members."); Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014) (to plead jurisdiction under Fed. R. Civ. P. 8(a)(1), "[t]he plaintiff must allege facts, not mere legal conclusions, in compliance with the pleading standards established by [Twombly] and [Iqbal]." (citation omitted)); cf. Wood v. Maguire Automotive, LLC, 508 F. App'x 65 (2d Cir. 2013) (complaint failed to properly allege subject matter jurisdiction because allegation of amount in controversy was "conclusory and not entitled to a presumption of truth." (citation omitted)).  Subject matter jurisdiction, after all, is the keystone upon which every event that occurs in the case depends.

The allegation in the complaint that one member of Capital Grind, Valdez, was a Pennsylvania resident is patently insufficient to establish Capital Grind's citizenship.  An LLC "takes the citizenship of each of its members."  See Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012).  Plaintiff must plausibly allege that *all* of Capital Grind's members are diverse with plaintiff.

And plaintiff's response to the Order to Show Cause is no better.  If there was an adequate basis for his conclusory "upon information and belief" allegation that Valdez is the sole member of Capital Grind, plaintiff would have properly invoked diversity jurisdiction.  But there isn't.  The only basis plaintiff has identified is that Capital Grind's certificate of organization is signed by its organizer, who happens to be Valdez.  The certificate, consistent with limited liability company law in almost all 50 states, see Unif. Ltd. Liab. Co. Act § 201, 6C U.L.A. 61-62 (2013), does not state that he is the only member; there could be two, three, or dozens of other members in addition to Valdez.  Positing that Valdez is the "sole member" is just wishful thinking on plaintiff's part so he can get into federal court.

The certificate does not support a citizenship inference one way or the other. Under Pennsylvania law, there is no requirement to publicly identify even a single member of an LLC. Each "organizer" must sign the certificate of organization. See 15 Pa. Cons. Stat. § 8823. But founding members need not be the organizers of their LLC, and an organizer need not even be a member at all. See id. § 8812(a). Further still, if the inference as to sole membership could be drawn from the mere identification of one member, it would be all too easy to assert jurisdiction over any foreign LLC based on its certificate of organization. In almost all jurisdictions, an LLC certificate identifies the member or a manager upon whom service may be made – and that's it.

As the use of LLCs in lieu of the corporate form has greatly expanded, the Supreme Court has acknowledged that, from a business perspective, it may not make sense for diversity purposes to distinguish between LLCs, limited partnerships, and other unincorporated business entities, on the one hand, and corporations, on the other: "The resolutions we have reached [regarding this distinction] can validly be characterized as technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization." Carden v. Arkoma Assocs., 494 U.S. 185, 196 (1990). Nevertheless, the Supreme Court has concluded that any change is "'properly a matter for legislative consideration which cannot adequately or appropriately be dealt with by this Court.' . . . In other words, . . . we have left further adjustments to be made by Congress." Id. (quoting United Steelworkers of America, AFL-CIO v. R.H. Bouligny, Inc., 382 U.S. 145, 147 (1965)). Moreover, there have been proposals to amend the Judicial Code to treat LLCs the same as incorporated entities for purposes of diversity jurisdiction, but none have ever been adopted. See e.g., American Bar Association, "Resolutions with Reports to the House of Delegates" Item No. 103B (Aug. 2015),

4

https://www.americanbar.org/content/dam/aba/administrative/house_of_delegates/ebook-of-resolutions-with-reports/2015_hod_annual_meeting_electronic_report_book.pdf.

Congress must, of course, be aware of the promulgation of LLCs as a desirable business entity form. It must also be aware that few, if any, states require under their limited liability company statutes that organizers publicly file a list of their members, making it more difficult to allege their citizenship in federal court. Although one cannot read too much intent into a congressional failure to act, see Alexander v. Sandoval, 532 U.S. 275, 292 (2001), Congress has in fact considered, and rejected, whether to bring the definition of LLC citizenship in line with that of a corporation. Indeed, in the Class Action Fairness Act, it has redefined the citizenship of an LLC for purposes of diversity, thus making cases involving LLCs more amenable to federal jurisdiction. See Siloam Springs Hotel, LLC v. Century Sur. Co., 781 F.3d 1233, 1237 n.1 (10th Cir. 2015); Ferrell v. Express Check Advance of SC LLC, 591 F.3d 698 (4th Cir. 2010). But it has not done so generally, and courts should not liberalize the requirements where Congress has not.

No doubt, this can make it hard for a plaintiff to sue an LLC in federal court, as one of the purposes of forming an LLC may be to deter public identification of its members. Cf. U.S. Advisor, LLC v. Berkshire Prop. Advisors, LLC, No. 09-cv-00697, 2009 WL 2055206, at *3 (D. Colo. July 10, 2009) ("While various state legislatures have decided to permit the members of LLCs to remain anonymous to the public at large, Congress has not created an exception to the requirements of diversity jurisdiction which would allow the members of LLCs to remain anonymous in federal court." (citing Carden, 494 U.S. at 196)). As the Eleventh Circuit has noted, this means there is "difficulty [in] applying established diversity jurisdiction principles to 21st-century business organizations." Purchasing Power, LLC v. Bluestem Brands, Inc., 851

F.3d 1218, 1220 (11th Cir. 2017).  But that is the way Congress has left it.  The Court is not going to circumvent the statute by finding that it has diversity jurisdiction based on a conclusory allegation than an interest holder is the sole interest holder.

**CONCLUSION**

The case is dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**

$\qquad\qquad\qquad$ *Brian M. Cogan* $\qquad$

$\qquad\qquad\qquad\qquad$ U.S.D.J.

Dated: Brooklyn, New York
       March 31, 2025